# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV305

| | |
|---|---|
| **DAVID ESTES COOPER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**UNITED STATES OF AMERICA** )<br>)<br>**Defendant.** )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion to Dismiss for Failure to State a Claim and for Failure to Name the Proper Party and Incorporated Memorandum of Law" (Document No. 7), filed September 8, 2006; Plaintiff's "Request for Bill of Particulars" (Document No. 9), filed September 25, 2006; and Plaintiff's "Motion for Summary Judgment" (Document No. 11), filed March 30, 2007. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for review.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that Defendant's motion be granted, and that Plaintiff's motions be denied as moot.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On July 25, 2006, the pro se Plaintiff filed his Complaint accusing the United States of American ("Defendant") of "Discrimination and Abuse of Power by U.S. Government Official." Although his Complaint is largely nonsensical, it appears to express a grievance against the Defendant for decisions and judgments against him or his family in prior lawsuits in this district

and/or taxes levied against him. The prior suits are not clearly identified but may include 3:93CR34-2, 3:97CV154, 3:97CV199, 3:97CV354, and 3:97CV644. Each of these prior suits has been closed since at least 2000, and all rights to appeal have been exhausted.

Defendant subsequently filed a "...Motion to Dismiss..." on September 8, 2006.

## II. DISCUSSION OF CLAIMS

Defendant contends that this action should be dismissed on the grounds that it is (1) patently frivolous and abuse of judicial process; (2) there is a lack of jurisdiction; (3) the complaint fails to state a claim for which relief can be granted; and (4) the action is barred by the doctrine of collateral estoppel. Plaintiff did not file a recognizable response to the "Defendant's Motion to Dismiss..." and the time to do so has long expired.

First, Defendant properly contends that the United States cannot be sued absent an express waiver of sovereign immunity. Kentucky v. Graham, 473 U.S. 159, 166 (1985); United States v. Mitchell, 445 U.S. 535, 538 (1980). Therefore the Plaintiff's lawsuit lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).

Equally compelling is the argument that Plaintiff fails to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff's Complaint, even construed liberally and interpreting it "to raise the strongest argument that [it] suggest[s]" is nonsensical. See Laber v Harvey, 438 F.3d 404 (4th Cir. 2006) citing Hemphill v. Melton, 551 F.2d 589, 590-591 (4th Cir. 1977); Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994). The Complaint fails to specify what acts or omissions the Defendant is alleged to have committed, nor any causation for the alleged damages. As Defendant points out, the Complaint is also deficient on its face because it does not meet the requirements of Fed.R.Civ.P 8(a), specifically, a short and plain statement of the grounds

for jurisdiction and a short and plain statement showing the pleader is entitled to relief.

Finally, Defendant articulates a defense of collateral estoppel. To the extent that it appears Plaintiff may be seeking to re-litigate previous actions before this Court, the undersigned agrees.

In addition to Defendant's well-reasoned defenses, the undersigned also takes note of the Honorable Robert J. Conrad, Jr.'s prior "Memorandum And Order"(Document No. 5):

> The Court construes pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The plaintiff here has argued that he and his family were punished and discriminated against ... [t]he plaintiff, however, has failed to construe or articulate a legal theory upon which the Court can more fully deliberate. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the court will not "conjure up questions never squarely presented").

Plaintiff still fails to "construe or articulate a legal theory upon which the Court can more fully deliberate."

The undersigned finds the reasoning of Defendant's counsel and that of the Chief District Judge sufficient to recommend that "Defendant's Motion to Dismiss..." be granted.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned Magistrate Judge respectfully recommends that "Defendant's Motions to Dismiss..." (Document No. 7) be **GRANTED** and that the Complaint against Defendant be **DISMISSED WITH PREJUDICE**.

**IT FURTHER RECOMMENDED** that the Plaintiff's "Request for Bill of Particulars" (Document No. 9) and "Motion for Summary Judgment" (Document No. 11) be **DENIED AS MOOT**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum and Recommendation must be filed with the district court within ten (10) days of receipt.  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); and United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the pro se Plaintiff; to defense counsel; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 23, 2007

David C. Keesler
United States Magistrate Judge